# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF FLORIDA

HARVEY SULTZER AS
REPRESENTATIVE OF THE ESTATE OF
SANDRA SULTZER AND INDIVIDUALLY,

      PLAINTIFFS,                                    Civil Action No. 9:24-cv-80137-DMM

      v.

INTUITIVE SURGICAL, INC.

      DEFENDANT.
                                                /

## SECOND AMENDED COMPLAINT

1. Plaintiffs the Estate of Sandra Sultzer and Harvey Sultzer (collectively "Plaintiffs") by and through their attorneys, Searcy Denney Scarola Barnhart & Shipley, PA and Sultzer & Lipari, PLLC complain against Defendant Intuitive Surgical, Inc. ("Defendant" or ISI") as follows:

### NATURE OF THE CASE

2. Plaintiffs bring this wrongful death/products liability action to redress severe personal, financial, and emotional injuries suffered by Sandra Sultzer and her husband Harvey when Ms. Sultzer experienced health complications, and ultimately died following a da Vinci surgical robot procedure.

### PARTIES, JURISDICTION AND VENUE

3. Sandra Sultzer, the deceased, was a resident and citizen of Florida at all times relevant to this Complaint.

4. Plaintiff Harvey Sultzer is, and at all times relevant to this Complaint, was a resident and citizen of Florida. Mr. Sultzer brings claims herein individually and as representative of the Estate of Sandra Sultzer.

5. ISI is a Delaware corporation with its principal place of business in Sunnyvale, California.

6. ISI designed, manufactured, tested, sold, promoted and labeled the da Vinci surgical robot. ISI also makes and sells numerous electrosurgical instruments used with that robot.

7. The Court has jurisdiction under 28 U.S.C. § 1332 because this lawsuit is between citizens of different states and the amount in controversy exceeds $75,000.00 exclusive of costs and interest.

8. Venue is proper in the Southern District of Florida because Defendant committed tortious acts within the state of Florida and the Southern District of Florida out of which acts these causes of action arise.

## FACTUAL ALLEGATIONS

### A. Introduction

9. The da Vinci robot is a multi-armed, remote controlled, surgical device made by ISI that uses electrical energy to cut and cauterize living body tissue.

10. Mrs. Sultzer was diagnosed with colon cancer in June 2021.

11. Mrs. Sultzer had a surgery to address her colon cancer performed at Baptist Health Boca Raton Regional Hospital on September 14, 2021 using a da Vinci Xi Surgical System designed, manufactured, and distributed by ISI. During the surgery, Mrs. Sultzer experienced a distal duodenal thermal injury, as a result of a discharge of electrical current from instruments used by the da Vinci Xi Surgical System, causing a perforation which required subsequent medical intervention and caused permanent physical and emotional injuries, and ultimately her death.

12. Mrs. Sultzer's injury and death is not unique to her. According to SEC filings, ISI was named as a defendant in "approximately 93 individual product liability lawsuits filed in various state and federal courts by plaintiffs who allege that they or a family member underwent

surgical procedures that utilized the da Vinci Surgical System and sustained a variety of personal injuries and, in some cases, death as a result of such surgery."

13. ISI has also received thousands of injury and defect reports related to da Vinci surgeries. The most dangerous injuries arose from burns to internal organs caused by the discharge of electricity, caused by the robot's instruments inside the patient. The FDA maintains a MAUDE database on reported adverse events, which is a public database, known to and discussed by the medical community. Despite the severity and multitude of reports, ISI has systematically underreported these injuries and their seriousness to the FDA through the MAUDE database.

14. Had ISI safely designed its product so that electrical energy would not burn the insides of patients without the knowledge or control of the operating surgeons, the small intestine injury to Mrs. Sultzer would not have happened, and she would not have died. Had ISI adequately warned Mrs. Sultzer's surgeon about the problems and dangers associated with the product by accurately reporting injuries and deaths caused by the product through the MAUDE database, the injuries Mrs. Sultzer sustained would not have happened, and she would not have died. ISI's da Vinci Xi Surgical System was defective and, therefore, unreasonably dangerous for use in Mrs. Sultzer's procedure; she was unnecessarily injured and ultimately died as a result.

**B. The Da Vinci Robot's Instrument Insulation Problems**

15. Literature available to ISI prior to Mrs. Sultzer's surgery showed that the insulation ISI used on the da Vinci robots electrosurgical instruments was insufficient to reliably prevent electricity from leaking into the body and causing internal burns to patients. Upon information and belief, ISI failed to inform Mr. Sultzer's hospital, physicians and healthcare providers of this pertinent information.

16. This was documented in the journal Urology on September 16, 2010; in the American Journal of Obstetrics and Gynecology in August 2011 (noting 80% insulation failures

after 10 uses, 32% of instruments suffered insulation failure before 10 uses) – though ISI tells hospitals that its instruments will be safe for the first 10 procedures; and in the Journal of Endourology in September 2011 (under sparking conditions, "thermal injury to tissue is instantaneous, inevitable, and severe." Such electrosurgical injuries "are likely to be both under-recognized and underreported.").

17. In many reported instances, the release of stray electricity, also known as "arcing" was associated with an instrument used by the da Vinci robot called Hot Shears Monopolar Curved Scissors ("Monopolar Scissors"). This instrument is used in virtually all da Vinci surgeries, is used with the da Vinci Xi Surgical System and was used in Mrs. Sultzer's surgery.

18. On December 14, 2012, Surgical Endoscopy published an article called "Instrument Failures for the da Vinci Surgical System: a Food and Drug Administration MAUDE Database Study." That article told of 156 separate "arcing" incidents, 125 of which involved the Monopolar Curved Scissors. The article further noted that these failures are often unreported, so the number "inherently underrepresents the true denominator of instrument errors…."

19. Upon information and belief, ISI failed to warn Mrs. Sultzer's healthcare providers, including her surgeon, of the dangers associated with the da Vinci Xi Surgical Systems, and specifically the danger of arcing and thermal burns associated with the Monopolar Curved Scissors.

20. As set forth above, ISI under-reported the adverse events associated with the da Vinci robot to the FDA.

21. As a result, the MAUDE database did not contain a true representation of the number of injuries and deaths associated with the da Vinci surgical system.

22. Had the MAUDE database accurately reflected the adverse events associated with the da Vinci surgical system, Mrs. Sultzer's doctor would have provided accurate risk/benefit

4

information to her as part of the informed consent process prior to her surgery and Mrs. Sultzer would have opted against use of the da Vinci surgical system.

### C. Plaintiff's Injury

23. Mrs. Sultzer was admitted to Baptist Health Boca Raton Regional Hospital on September 14, 2021 for surgery designed to treat her colon cancer. Dr. Avraham Belizon performed the surgery using, upon information and belief, the da Vinci Surgical System Xi with Monopolar Curved Scissors designed and manufactured by ISI.

24. During the surgery, Mrs. Sultzer experienced thermal injury to the small intestine, resulting in a perforation. Following the surgery, Plaintiff Harvey Sultzer was informed that Mrs. Sultzer's cancer had not metastasized and had been removed. However, physicians at the hospital, including Dr. Belizon, also informed Mr. Sultzer that the robot used during Mrs. Sultzer's Surgery had emitted an "electrical spark" causing a burn and perforation to her small intestine.

25. Following the surgery, Mrs. Sultzer had a feeding tube inserted and was eventually transferred to a rehabilitation facility. Mrs. Sultzer underwent numerous medical procedures, including a procedure to close (with approximately 15 sutures) the perforation, because of her thermal injury. She continued to have abdominal pain and suffer severe physical and mental distress. For the large majority of her life following the surgery, Mrs. Sultzer was confined to the hospital and/or a rehabilitation facility, and she was never able to eat solid foods again.

26. The injury suffered by Mrs. Sultzer caused her pain and emotional distress. Plaintiff and Mrs. Sultzer incurred the expense of medical care, hospitalization, treatment, nursing care and treatment, and the expense of rehabilitative care and treatment.

27. Mrs. Sultzer ultimately died in February of 2022 as a direct and proximate result of the injuries she suffered during the September 2021 da Vinci surgery.

28. Mrs. Sultzer's death was the result of the thermal injury caused by a defect in the

5

Case 9:24-cv-80137-DMM Document 26 Entered on FLSD Docket 03/25/2024 Page 6 of 14
Sultzer v. Intuitive Surgical.docx
Case No. 9:24-cv-80137-DMM
Second Amended Complaint

insulation of the da Vinci Xi Surgical System, including the Monopolar Curved Scissors and or/blade.

29. Prior to consenting to the da Vinci surgery and because of ISI's inadequate disclosures, Mrs. Sultzer was not aware that the instruments to be used for the surgery had insulation problems that made them more prone to causing unintended burn than traditional laparoscopic instruments. She was not aware that the da Vinci surgery would subject her to higher complication rates with no demonstrated benefit in outcome.

30. ISI affirmatively misrepresented both to the FDA and to the medical community, including plaintiff's doctor the unique risks associated with the da Vinci Xi Surgical System. ISI did so by underreporting the frequency of injuries and deaths associated with da Vinci robots.

31. If ISI had communicated adverse events to the FDA as required by federal law, doing so would have effectively warned Mrs. Sultzer's surgeon of the risks associated with da Vinci Vi Surgical System through the MAUDE database, which is public.

32. Mrs. Sultzer's surgeon relied on ISI's underreporting adverse incidents associated with the da Vinci Vi Surgical System.

33. Had Mrs. Sultzer's surgeon been warned of the true frequency of the occurrence of injury and death associated with the da Vinci Vi Surgical System such that he could warn Plaintiff and Mrs. Sultzer, Mrs. Sultzer would not have agreed to surgery using the daVinci robot.

34. As such, ISI's underreporting of the incidents of injury and death to the FDA were a direct and proximate cause of Plaintiffs' personal and financial injuries.

## CLAIMS FOR RELIEF
## COUNT I
## NEGLIGENCE

35. Plaintiffs incorporate by reference paragraphs 1 through 40 of this Complaint as if fully set forth herein and further allege:

6

36. Defendant owed Sandra Sultzer a duty to exercise reasonable care when designing, manufacturing, marketing, advertising, distributing, and selling the da Vinci Xi Surgical System, including the Monopolar Curved Scissors.

37. Defendant failed to exercise such reasonable care under the circumstances and therefore breached this duty by:

   a. Designing, manufacturing, marketing, advertising, distributing, and selling the da Vinci Xi Surgical System, including the Monopolar Curved Scissors.to consumers, including Plaintiff, without adequate warnings of the significant and dangerous risks of the da Vinci Xi Surgical System, including the Monopolar Curved Scissors, and without proper instructions to avoid the harm which could foreseeably occur as a result of using the da Vinci Xi Surgical System, including the Monopolar Curved Scissor.;

   b. Negligently continuing to manufacture, market, advertise, and distribute the da Vinci Xi Surgical System, including the Monopolar Curved Scissors after Defendant knew or should have known of its adverse effects.

   c. Failing to use due care in the design of the da Vinci robot with regard to the insulation and monopolar current;

   d. Failing to conduct adequate intra-operative surveillance and post-operative complication studies to determine the safety of the use of monopolar energy as it relates to the da Vinci Xi Surgical System, including the Monopolar Curved Scissors;

   e. Failing to provide adequate training and information to healthcare providers for the appropriate use of the da Vinci Xi Surgical System, including the Monopolar Curved Scissors;

38. As a direct and proximate cause of the Defendant's negligence Sandra Sultzer suffered serious and permanent physical and emotional injuries.

39. By reason of the foregoing, Sandra Sulzer died on February 7, 2022.

40. As a further direct and proximate result of the Defendant's negligence as set forth herein, Plaintiffs incurred expense of medical care, hospitalization, treatment, expense of nursing care and treatment, and expense of rehabilitative care and treatment.

WHEREFORE, Plaintiffs demand judgment against Defendant for compensatory and punitive damages, together with interest, costs of suit, attorneys' fees and all such other relief as the Court deems just and proper.

## COUNT II
## PRODUCTS LIABILITY – DESIGN DEFECT

41. Plaintiffs incorporate by reference paragraphs 1 through 40 of this Complaint as if fully set forth herein and further alleges:

42. At all material times, Defendant engaged in the business of selling, distributing, supplying, manufacturing, marketing and promoting the da Vinci robot and other ISI products that was defective in design, and was unreasonably dangerous to patients, including the decedent, Sandra Sultzer.

43. At all material times, Defendant sold, distributed, supplied, manufactured, marketed and promoted the da Vinci robot.

44. At all material times, ISI products were expected to and reached consumers in Florida, including Plaintiff, without substantial change in the condition it was sold.

45. At all material times, Defendant sold, distributed, supplied, manufactured, marketed and promoted the da Vinci robot in a defective and unreasonably dangerous condition at the time it was placed in the stream of commerce in ways that include:

8

      a.    Failing to test the da Vinci Robotic Xi Surgical System, including the Monopolar Curved Scissors, properly and thoroughly before promoting the robotic surgical platform using monopolar current to the market;

      b.    Failing to analyze properly and thoroughly the data resulting from the premarket tests of the monopolar current, and therefore obtaining FDA approval of the device through fraud;

      c.    Designing, manufacturing, marketing, advertising, distributing and promoting the da Vinci Xi Surgical System, including the Monopolar Curved Scissors, without adequate warnings of the significant and dangerous risks of monopolar current and without proper instructions to avoid the harm which was reasonably foreseeable.

46.    Sandra Sultzer's physician used the da Vinci Xi Surgical System, including the Monopolar Curved Scissors, as instructed by and certified by ISI and in the foreseeable manner intended.

47.    The da Vinci Xi Surgical System was unreasonably dangerous because, as designed, it failed to perform safely when used by Sandra Sultzer's physician.

48.    The da Vinci Xi Surgical System was unreasonably dangerous because, as designed, the risk of serious injury posed exceeded any benefit.

49.    At all relevant times safer, practical, cost-effective, alternative energy modalities existed and could have been used in the da Vinci Xi Surgery System including bipolar energy and ultrasonic energy that would have remedied the arcing issue that rendered the product unreasonably unsafe.

50.    ISI knew or should have known of the defects described above, yet it continued to design, manufacture, market and promote the use of the da Vinci Surgical Xi System, including

9

the Monopolar Curved Scissors, so as to maximize sales and profits at the expense of the public health and safety.

51. Sandra Sultzer could not, through the exercise of reasonable care, have discovered the risk of serious injury associated with the da Vinci Surgical Xi System, including the Monopolar Curved Scissors.

52. By reason of the foregoing, Sandra Sultzer died on February 7, 2022.

WHEREFORE, Plaintiffs demand judgment against ISI and seek compensatory damages, and punitive damages together with interest, the costs of suit, attorneys' fees, and such other and further relief as the Court deems just and proper.

## COUNT III
## PRODUCTS LIABILITY – MANUFACTURING DEFECT

53. Plaintiffs incorporate by reference paragraphs 1 through 40 of this Complaint as if fully set forth herein and further alleges:

54. At all material times, Defendant engaged in the business of selling, distributing, supplying, manufacturing, marketing and promoting the da Vinci Xi Surgical System, including the Monopolar Curved Scissors, that was defective in design, and was unreasonably dangerous to patients, including the decedent, Sandra Sultzer.

55. At all material times, Defendant sold, distributed, supplied, manufactured, marketed and promoted the da Vinci Xi Surgical System, including the Monopolar Curved Scissors.

56. At all material times, ISI products were expected to and reached consumers in Florida, including Plaintiff, without substantial change in the condition it was sold.

57. The da Vinci Xi Surgical System, including the Monopolar Curved Scissors was defective and unreasonably dangerous when put to its reasonably anticipated uses.

10

58. The defects existed when the da Vinci Xi Surgical System, including the Monopolar Curved Scissors was designed, manufactured, fabricated, produced, and/or distributed by Defendant.

59. As a direct and proximate result of the da Vinci Xi Surgical System's defects and malfunctions, Sandra Sultzer died on February 7, 2022 and Plaintiffs incurred expense of medical care, hospitalization, treatment, expense of nursing care and treatment, and expense of rehabilitative care and treatment.

WHEREFORE, Plaintiffs demand judgment against ISI and seek compensatory damages, and punitive damages together with interest, the costs of suit, attorneys' fees, and such other and further relief as the Court deems just and proper.

## COUNT IV
## PRODUCTS LIABILITY – FAILURE TO WARN

60. Plaintiffs incorporate by reference paragraphs 1 through 40 of this Complaint as if fully set forth herein and further alleges:

61. Defendant, as a manufacturer and/or distributor of a medical device, is held to a level of knowledge of an expert in the field.

62. The da Vinci Xi Surgical System, including the Monopolar Curved Scissors, was defective and unreasonably dangerous when it left Defendant's possession in that in contained warnings insufficient to alert consumers, including Sandra Sultzer, to the dangerous risks and reactions associated with da Vinci Xi Surgical System, including the Monopolar Curved Scissors.

63. Moreover, Defendant's warnings were inaccurate, unclear, and/or ambiguous.

64. Prior to consenting to the da Vinci surgery and because of ISI's inadequate disclosures, Mrs. Sultzer was not aware that the instruments to be used for the surgery had insulation problems that made them more prone to causing unintended burn than traditional

11

laparoscopic instruments. She was not aware that the da Vinci surgery would subject her to higher complication rates with no demonstrated benefit in outcome.

65. ISI affirmatively misrepresented both to the FDA and to the medical community, including plaintiff's doctor the unique risks associated with the da Vinci Xi Surgical System, including the Monopolar Curved Scissors. ISI did so by underreporting the frequency of injuries and deaths associated with the da Vinci Xi Surgical System, including the Monopolar Curved Scissors.

66. If ISI had communicated adverse events to the FDA as required by federal law, doing so would have effectively warned Mrs. Sultzer and her surgeon of the risks associated with da Vinci Xi Surgical System, including the Monopolar Curved Scissors through the MAUDE database, which is public.

67. Mrs. Sultzer's surgeon relied on ISI's underreporting adverse incidents associated with da Vinci Xi Surgical System, including the Monopolar Curved Scissors, and was not independently aware of the true nature of risk of thermal injury associated with da Vinci Xi Surgical System, including the Monopolar Curved Scissors.

68. Had Mrs. Sultzer known of the true frequency of the occurrence of injury and death associated with the da Vinci Xi Surgical System, including the Monopolar Curved Scissors, she would not have agreed to surgery using the daVinci robot, and her surgeon would not have used the daVinci robot.

69. As such, ISI's underreporting of the incidents of injury and death to the FDA were a direct and proximate cause of Plaintiffs' personal and financial injuries.

70. By reason of the foregoing, Sandra Sultzer died on February 7, 2022.

WHEREFORE, Plaintiffs demand judgment against ISI and seek compensatory damages, and punitive damages together with interest, the costs of suit, attorneys' fees, and such

other and further relief as the Court deems just and proper.

## DEMAND FOR TRIAL BY JURY

Plaintiffs hereby demand a trial by jury on all counts, as to all issues, so triable.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs demands judgment against Defendant on each of the above referenced claims and causes of action as follows:

1. Awarding compensatory damages to Plaintiffs;

2. Awarding punitive and/or exemplary damages, in an amount to be determined at trial;

3. Awarding Plaintiffs' attorney's fees;

4. Awarding Plaintiffs the costs of the proceedings; and

5. Awarding such other and further relief this Court deems just and proper.

March 25, 2024

*/s/ John Scarola*
JOHN SCAROLA
FLORIDA BAR NO. 169440
**SEARCY DENNEY SCAROLA BARNHART & SHIPLEY, PA**
2139 Palm Beach Lakes Blvd, West Palm Beach, FL 33409
561-686-6300 Telephone
561-383-9451 Fax
_scarolateam@searcylaw.com
         --*and*--
Jason P. Sultzer (*pro hac vice*)
**SULTZER & LIPARI, PLLC**
85 Civic Center Plaza, Suite 200
Poughkeepsie, NY 12601
(845) 483-7100

*Attorneys for Plaintiffs*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that the foregoing document was filed with the Clerk of the Court using CM/ECF on this 25th day of March 2024. I also certify that the foregoing document is being served this day on all counsel of record registered to receive electronic Notices of Electronic Filing generated by CM/ECF.

/s/ *John Scarola*