IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

HARVEY SULTZER, individually, and as )
representative of the ESTATE OF )
SANDRA SULTZER, )
                                      )
*Plaintiffs*, )
                                      )  Civil Action No. 9:24-cv-80137-DMM
v. )
                                      )
INTUITIVE SURGICAL, INC., )
                                      )
*Defendant*. )

**DEFENDANT INTUITIVE SURGICAL, INC.'S REPLY IN SUPPORT OF ITS
PARTIAL MOTION TO DISMISS SECOND AMENDED COMPLAINT**

Defendant Intuitive Surgical, Inc. ("Intuitive") submits this reply in support of its Partial Motion to Dismiss Plaintiff's Second Amended Complaint.

**INTRODUCTION**

Intuitive's opening brief showed that Plaintiff's failure to warn claim, manufacturing defect claim, and nearly all his negligence theories are inadequately pleaded or are not viable as a matter of settled Florida or federal law. *See* Doc. 28. Plaintiff's opposition does not adequately rebut any of these fatal deficiencies; in fact, Plaintiff concedes many aspects of Intuitive's motion.[1] And

---

[1] Plaintiff concedes that any individual capacity claims should be dismissed. Doc. 32, at 5 n.1. He concedes that his request for attorney's fees is improper. *Id.* at 6 n.2. He abandoned his negligence theories about Intuitive's intra-operative surveillance, post-operative complication studies, and provision of training and information, Doc. 28 at 10, by failing to respond to Intuitive's arguments. *See Singletary v. Cano*, 2021 WL 11705681, at *1 (S.D. Fla. Sept. 17, 2021) (Middlebrooks, J.). And Plaintiff likewise abandoned any claim based on an alleged failure to warn Mrs. Sultzer directly, *see* Doc. 28, at 7–8, by failing to respond. *See Singletary*, 2021 WL 11705681, at *1. These issues should be dismissed with prejudice because "amendment would be futile." *Hall v. United Ins. Co. of Am.*, 367 F.3d 1255, 1263 (11th Cir. 2004).

even what Plaintiff does dispute does not save his claims. Just the opposite—Plaintiff's opposition confirms that his manufacturing defect and failure to warn claims should be dismissed.

*First*, Plaintiff admits that "the crux" of his failure to warn claim is that Intuitive inadequately warned Mrs. Sultzer's surgeon because it did not properly report adverse events to the FDA. Doc. 32, at 13. That admission disposes of Plaintiff's claim—federal law preempts "a state-law failure-to-warn claim that is based on a failure to provide information to the FDA." *In re Zantac (Ranitidine) Prods. Liab. Litig.*, 546 F. Supp. 3d 1284, 1312–16 (S.D. Fla. 2021) (citing *Mink v. Smith & Nephew, Inc.*, 860 F.3d 1319, 1330 (11th Cir. 2017)). Nor can Plaintiff avoid preemption by pressing a new failure to warn theory based on Intuitive's alleged failure to warn of the risk of arcing and thermal burns. Plaintiff previously alleged that Intuitive *did* warn of those risks—long before Mrs. Sultzer's surgery. He cannot now assert a claim that "directly contradicts" those earlier allegations. *See Pelfrey v. Mahaffy*, 2018 WL 3110794, at *5 (S.D. Fla. Feb. 2, 2018) (Middlebrooks, J.).

*Second*, Plaintiff's manufacturing defect claim fares no better. Plaintiff does not dispute that a manufacturing defect claim requires a showing that a product deviated from the manufacturer's intended specifications, and Plaintiff admits that he has alleged no facts to meet that standard. But that is what Plaintiff had to do—Rule 8 requires a plaintiff to allege "sufficient facts to support each element of" his substantive claim. *Newbauer v. Carnival Corp.*, 26 F.4th 931, 936 (11th Cir. 2022). Plaintiff admittedly did not do so, and his reliance on an unpublished and outdated decision does not excuse that failure.

*Third*, Intuitive's prior motion to dismiss put Plaintiff on notice of the deficiencies in his pleading, and his failure to cure those defects—even though he has had ample opportunity to do so—warrants dismissal with prejudice.

# ARGUMENT

**I.    Plaintiff has not alleged a viable failure to warn claim.**

The Court should dismiss with prejudice Plaintiff's failure to warn claim because he has not alleged a viable claim.

**A.    Federal law preempts Plaintiff's failure to warn claim.**

As Intuitive has explained—and Plaintiff does not dispute—federal law preempts a state-law tort claim that is based on a manufacturer's alleged failure to report adverse events to the FDA. Doc. 28, at 5–7. Yet Plaintiff's opposition confirms that is exactly the claim he asserts here. As Plaintiff acknowledges, "a plain review of the SAC shows that the crux of the claim is that Defendant failed to adequately warn doctors such as Mrs. Sultzer's surgeon, who 'relied on ISI's underreporting adverse incidents associated with the da Vinci Vi Surgical System.'" Doc. 32, at 13 (quoting SAC [Doc. 26] ¶ 32). In other words, Plaintiff admits that his claim is based on Intuitive's alleged failure to properly report adverse events to the FDA. And federal law preempts "a state-law failure-to-warn claim that is based on a failure to provide information to the FDA." *In re Zantac*, 546 F. Supp. 3d at 1312–16 (citing *Mink*, 860 F.3d at 1330).

Resisting that conclusion, Plaintiff says that "[t]he allegation that Defendants failed to adequately warn Mrs. Sultzer's surgeon is distinct from any duty Defendant owed to the FDA." Doc. 32, at 13. But Plaintiff ignores the fact that he alleges that Intuitive failed to adequately warn Mrs. Sultzer's surgeon *because* it did not properly report adverse events to the FDA. Indeed, the SAC alleges that Intuitive "misrepresented . . . to the FDA . . . the unique risks associated with the da Vinci Xi Surgical System, including the Monopolar Curved Scissors" by "underreporting the frequency of injuries and deaths associated with [the MCS]." Doc. 26, ¶¶ 30, 65. It alleges that "[i]f ISI had communicated adverse events to the FDA as required by federal law, doing so would

3

have effectively warned Mrs. Sultzer's surgeon of the risks associated with da Vinci Vi Surgical System." Doc. 26, ¶¶ 31, 66. It also alleges that "Mrs. Sultzer's surgeon relied on ISI's underreporting adverse incidents associated with the da Vinci Vi Surgical System." *Id.* ¶¶ 32, 67. And it alleges that "ISI's underreporting of the incidents of injury and death to the FDA were a direct and proximate cause of Plaintiffs' personal and financial injuries." Doc. 26, ¶¶ 34, 69.[2]

Those allegations—which, as Plaintiff admits, are "the crux" of his failure to warn claim, Doc. 32, at 13—assert that Intuitive did not adequately warn Mrs. Sultzer's physician because it did not comply with its federal-law duty to properly report adverse events to the FDA. A claim that "a manufacturer failed to tell the FDA those things required by federal law" is preempted. *Mink*, 860 F.3d at 1330. And accordingly, "district courts within this Circuit have held that claims based on failure to warn through the FDA are pre-empted." *In re Zantac*, 546 F. Supp. 3d at 1312. That settled rule forecloses Plaintiff's claim.

> **B.    To the extent Plaintiff asserts a failure to warn theory based on the alleged risk of thermal burning, such a claim is not plausibly alleged.**

Although Plaintiff admits that "the crux of [his] claim" is that Intuitive "underreport[ed] adverse incidents" and thus "failed to adequately warn doctors," (Doc. 32, at 13), Plaintiff now says that he also alleged that Intuitive "failed to warn . . . of the dangers associated with the da Vinci Xi surgical Systems, and specifically the danger of arcing and thermal burns associated with the Monopolar Curved Scissors," *id.* at 13–14 (quoting Doc. 26, ¶ 19). To the extent Plaintiff intends that to be a separate failure to warn theory, it is impermissible because that allegation

---

[2] Plaintiff cites *Thelen v. Somatics, LLC*, (*see* Doc. 32, at 13), but that case held that federal law preempted a claim that a manufacturer "failed to adequately report adverse events to the FDA" because it sought "to enforce a duty that runs to the FDA."  672 F. Supp. 3d 1216, 1226 (M.D. Fla. 2023).

"direct[ly] contradict[s]" Plaintiff's earlier complaints. *See Pelfrey*, 2018 WL 3110794, at *5 (Middlebrooks, J.).

In his earlier complaints, Plaintiff alleged that—in May 2013, years before Mrs. Sultzer's 2021 surgery—Intuitive informed physicians about the risk that "electrosurgical energy [could] leak to tissue during use and potentially cause thermal injury." Doc. 1, ¶ 64; Doc. 17, ¶ 64. And when, as here, a "'plaintiff blatantly changes his statement of the facts in order to respond to the defendant['s] motion to dismiss . . . [and] directly contradicts the facts set forth in his original complaint,' a court is authorized 'to accept the facts described in the original complaint as true.'" *Pelfrey*, 2018 WL 3110794, at *5 (Middlebrooks, J.) (citation omitted). After having expressly alleged that Intuitive warned of the dangers of electrical leakage and thermal injury, (*see* Doc. 17, ¶ 64), Plaintiff cannot now allege that no such warning was given, (*see* Doc. 26, ¶ 19). *See Pelfrey*, 2018 WL 3110794, at *5 ("Reconcilable small variations are acceptable, but direct contradiction is not.").

## II. Plaintiff failed to plausibly allege manufacturing defect claims.

Under Florida law, a manufacturing defect claim requires a plaintiff to show that the defendant's product "is different from its intended design and fails to perform as safely as the intended design would have performed." *See* Fla. Std. Jury Inst. (Civ.) § 403.7(a).[3] And federal pleading standards require a plaintiff to allege "sufficient factual matter, taken as true, to 'state a claim for relief that is plausible on its face,'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation

---

[3] The Florida Supreme Court authorized publication and use of the modern strict liability manufacturing defect instruction in 2015. *See In re Std. Jury Instr. in Civ. Cases—Report No. 13-01 (Prod. Liab.)*, 160 So. 3d 869, 880 (Fla. 2015). These changes created a clear distinction between manufacturing defect claims (§ 403.7(a)) and design defect claims (§ 403.7(b)). *Id.* And the *elements* of a negligence manufacturing defect claim require the same showing. *See Dillon v. Sunbelt Rentals, Inc.*, 2020 WL 13600450, at *3 (S.D. Fla. Aug. 30, 2020).

omitted), which means "sufficient facts to support *each element* of" his substantive claim, *Newbauer*, 26 F.4th at 936 (emphasis added). But as Intuitive has explained, Plaintiff's allegations fall well short. Doc. 28, at 8–9. Indeed, Plaintiff's opposition concedes that he makes no effort to plausibly allege that an Intuitive product improperly "deviated from" its design and manufacturing specifications. *See* Doc. 32, at 1–2.

Unable to identify "sufficient facts to support each element of" a manufacturing defect claim, *see Newbauer*, 26 F.4th at 936, Plaintiff tries to lower the pleading standard. Citing *Bailey v. Janssen Pharmaceutica, Inc.*, 288 F. App'x 597, 606–08 (11th Cir. 2008), and its progeny, Plaintiff insists that he need not plausibly allege how (or even *that*) the product at issue deviated from design specifications. Doc. 32, at 6–7. But *Bailey* is an unpublished decision. And unpublished decisions "are not considered binding precedent," *McNamara v. Gov't Employs. Ins. Co.*, 30 F.4th 1055, 1060 (11th Cir. 2022) (quoting 11th Cir. R. 36-2), so "a district court shouldn't simply cite to one of our unpublished opinions as the basis for its decision without separately determining that it is persuasive," *id.* at 1061 & n.6. *Bailey* is not persuasive for two reasons.

First, *Bailey* is no longer right as a matter of Florida substantive law. The *Bailey* court relaxed the pleading standard because it was "not convinced that Florida law applies a rigid distinction among the various theories of recovery available to plaintiffs under strict products liability such that a plaintiff would be required to expressly plead 'design defect' versus 'manufacturing defect' at the complaint stage." 288 F. App'x at 605. On that point, *Bailey* observed that the Restatement (Second) of Torts § 402A, which the Florida Supreme Court had adopted, did not "differentiat[e] between design defect and manufacturing defect." *Id.* But the Florida Supreme Court has since revised the Standard Jury Instructions to distinguish between manufacturing and design defects and to delineate the elements of both. *See In re Std. Jury Instr.*

*in Civ. Cases—Report No. 13-01 (Prod. Liab.)*, 160 So. 3d 869, 873–74, 880 (Fla. 2015).  The "revisions [that] the Florida Supreme Court made to the Florida Standard Jury Instructions . . . clarified that a manufacturing defect theory of products liability requires a deviation from the product's intended design." *Fearrington v. Boston Sci. Corp.*, 410 F. Supp. 3d 794, 803 (S.D. Tex. 2019).  Accordingly, "federal courts have held a manufacturing defect claim requires facts pled that would satisfy that element." *Id.*; *see also Newbauer*, 26 F.4th at 936 (requiring a plaintiff to allege "sufficient facts to support each element of" a claim).

*Bailey* also is wrong procedurally.  The court there thought it proper to relax the pleading requirements because discovery had not yet commenced, making it "difficult" for a plaintiff to be able to identify the specific defect.  288 F. App'x at 605–06.  But as the Supreme Court has since confirmed, Rule 8 "does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." *Iqbal*, 556 U.S. at 678–79.  The Eleventh Circuit likewise has refused to excuse "a lack of specificity" in a plaintiff's pleadings based on the plaintiff's lack of knowledge.  *See Franklin v. Curry*, 738 F.3d 1246, 1252 n.6 (11th Cir. 2013).  In *Franklin*, the plaintiff sought "to excuse [the] lack of specificity" in her complaint "by admitting that she simply d[id] not know the [relevant] details . . . at th[e motion to dismiss] stage." *Id.*  That admission, the Eleventh Circuit held, did not "excus[e] her insufficient pleadings" but instead "reinforce[d] [the] conclusion that her complaint was due to be dismissed." *Id.*  And the court likewise emphasized that, in any event, the plaintiff had identified "no legal basis for [the] contention that her lack of knowledge should relax the pleading standard to which she is held." *Id.*

\*   \*   \*

By his own admission, Plaintiff has not alleged that an Intuitive product "deviated from" design and manufacturing specifications, which is a necessary element of a manufacturing defect

7

claim. Because Plaintiff has not alleged "sufficient facts to support each element of" a manufacturing defect claim, *Newbauer*, 26 F.4th at 936, Plaintiff's manufacturing defect claim should be dismissed.

### III. The Court should dismiss Plaintiff's failure to warn and manufacturing defect claims with prejudice.

Finally, the Court should dismiss with prejudice Plaintiff's failure to warn and manufacturing defect claims. Intuitive put Plaintiff on notice of the defects in his pleading, and, despite having the opportunity to fix those defects, Plaintiff did not do so. Doc. 28, at 11–12.

Plaintiff responds that a district court may dismiss a claim with prejudice only if the court—not the defendant—previously "identified a deficiency in Plaintiff's pleading." Doc. 32, at 14. But a defendant's motion to dismiss can put a plaintiff on notice of the deficiencies in a pleading that should be fixed in an amended complaint. *See, e.g.*, *Diaz v. Miami-Dade Cty.*, 424 F. Supp. 3d 1345, 1369 (S.D. Fla. 2019) (dismissing complaint with prejudice and observing that "[t]his is the Plaintiff's Second Amended Complaint, and the Defendants' prior motions to dismiss put him on notice as to its deficiencies"); *Herederos de Roberto Gomez Cabrera, LLC v. Teck Res. Ltd.*, 2021 WL 3054908, at *4 (S.D. Fla. July 20, 2021) ("[The] motion to dismiss put [plaintiff] on notice of the deficiencies of its complaint."). Indeed, the Eleventh Circuit has "never required district courts to grant counseled plaintiffs more than one opportunity to amend a deficient complaint, nor ha[s it] concluded that dismissal with prejudice is inappropriate where a counseled plaintiff has failed to cure a deficient pleading after having been offered ample opportunity to do so." *Eiber Radiology, Inc. v. Toshiba Am. Med. Sys., Inc.*, 673 F. App'x 925, 930 (11th Cir. 2016). Plaintiff has had "ample opportunity" to state viable claims; he should not be granted leave to file yet another complaint.

In any event, "amendment would be futile" for Plaintiff's failure to warn claims. *Hall v. United Ins. Co. of Am.*, 367 F.3d 1255, 1262–63 (11th Cir. 2004). Federal law, as well as plaintiff's own prior pleadings, preempt Plaintiff's failure to warn claim, which compels a "dismissal as a matter of law." *Id.* at 1263. That defect is not curable by amendment.

## CONCLUSION

The Court should dismiss with prejudice Plaintiff's claims against Intuitive under Rule 12(b)(6), except to the extent Plaintiff asserts negligent design and strict liability design defect claims limited to Intuitive's MCS instrument.

Dated: April 26, 2024

Respectfully submitted,

*/s/ Spencer Silverglate*
CLARKE SILVERGLATE, P.A.
Spencer Silverglate (No. 769223)
Stephanie Simm (No. 015486)
Raul Alvarez (No. 1025071)
5301 Blue Lagoon Drive, 9th Floor
Miami, FL 33126
Phone: 305-377-1557
Facsimile: 305-377-3001
ssilverglate@cspalaw.com
ssimm@cspalaw.com
ralvarez@cspalaw.com

BRADLEY ARANT BOULT CUMMINGS LLP
Fred M. ("Tripp") Haston, III (*pro hac vice*)
Stanley E. Blackmon (*pro hac vice*)
1819 Fifth Avenue North
Birmingham, Alabama 35203
Phone: (205) 521-8000
Facsimile: (205) 521-8800
thaston@bradley.com
sblackmon@bradley.com

*Counsel for Defendant Intuitive Surgical, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on April 26, 2024, the foregoing was served, via the Court's CM/ECF Document Filing System, upon all registered CM/ECF users in this action.

/s/ *Spencer Silverglate*
Spencer Silverglate